Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 234-0212
Facsimile: (619) 232-1382
rooneycdi@gmail.com

Attorneys for Plaintiff MAUREEN ROUSE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN ROUSE,<br><br>     Plaintiff,<br><br>vs.<br><br>CACH, LLC and MANDARICH LAW GROUP, LLP,<br><br>     Defendants. | CASE NO. **'13CV0420 CAB RBB**<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT |

///

///

///

Complaint
-1-

## INTRODUCTION

1. Plaintiff Maureen Rouse, through her counsel, brings this action to challenge the acts of CACH, LLC (hereinafter, "CACH," and of Mandarich Law Group, LLP (hereinafter "Mandarich") (collectively "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and out of Defendant CACH's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As both Defendants do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper as both Defendants do business in the County of San Diego, and the acts at issue took place in the County of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CACH is a Colorado limited liability company (LLC) doing business in the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant Mandarich is a California limited liability partnership (LLP) doing business in the state of California.

12. Defendant CACH is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendant Mandarich is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendant CACH, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. Defendants CACH and Mandarich claim that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing

Complaint

-3-

from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CAUSES OF ACTION

18. On February 27, 2012, Defendant Mandarich, on behalf of their client CACH, filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Ms. Rouse, in the matter of <u>CACH, LLC v Maureen Rouse</u>, et al, case number 37-2012-00051602-CL-CL-NC ("State Court Action").

19. A copy of this February 27, 2012 State Court Complaint is attached as Exhibit A.

*False Allegations of an Account Stated*

20. In the above State Court Complaint, later served on Ms. Rouse, Defendants alleged that there was an Account Stated between "GE Money Bank" and Ms. Rouse in the amount of $3,513.67.

21. In fact, Ms. Rouse never entered any "account stated" with GE Money Bank, or with any other party, regarding the account at issue.

22. Defendants alleged that Ms. Rouse had previously entered into a new, written contract, with GE Money Bank, which replaced any earlier contract between these parties regarding the account at issue, when, in fact, that was not true. Furthermore, Defendants knew that this claim was not true.

23. At no time did GE Money Bank ever make an *offer* to Ms. Rouse to enter into an account stated in this matter.

24. At no time did Ms. Rouse ever *accept* an offer by anyone to enter into an Account Stated agreement in this matter.

Complaint
-4-

25. At no time did Ms. Rouse and GE Money Bank ever discuss, contemplate, or otherwise engage in negotiates for *consideration* regarding an account stated.

26. At no time was there ever an agreed balance of accounts; an account which has been examined and accepted by the parties. At no time was there ever an admission that the account was correct, nor was there a balance struck, nor was it agreed that a balance was due and owing from one party to the other.

27. Ms. Rouse never intended to form a new contract with GE Money Bank, or to strike a final balance with GE Money Bank in the amount of $3,513.67.

28. Furthermore, there is and was no *writing* sent by GE Money Bank to Ms. Rouse claiming a balance of $3,513.67, making it impossible to form a written agreement to pay that amount.

### *False Certification of Evidence of an Account Stated*

29. At the time that Defendants CACH and Mandarich filed the above State Court Complaint, and at all times relevant during the prosecution of the above State Court Action, Defendants lacked any evidence of a writing between GE Money Bank and Ms. Rouse stating the balance of $3,513.67, or any evidence of any intent by either GE Money Bank or Ms. Rouse to form an account stated, a new contract replacing any earlier contract between these parties.

30. Despite this lack of evidence, Defendants certified to the Court, and represented to Plaintiff, that Defendant *did* in fact have such evidence, by failing to identify any contention for which Defendants lacked evidence as required by California Code of Civil Procedure §127.8(b)(3), and Defendants refused to correct their false certification all the way through a dismissal on the date set for trial in the State Court Action.

///
///
///

Complaint
-5-

*False Certification of Damages for Breach of Contract*

31.  Defendants also alleged in the above State Court Complaint that Defendants had suffered damages for Breach of Contract in the amount of $3,513.67 as of May 9, 2011

32.  At the time that Defendants CACH and Mandarich filed the above State Court Complaint, and at all times relevant during the prosecution of the above State Court Action, Defendants lacked any evidence of the receipt of any unpaid consideration by Ms. Rouse from any party, *or of the receipt of any consideration at all*, and thus lacked evidence of any damages for breach of contract, or of any damages to form the basis for an account stated.

33.  Despite this lack of evidence, Defendants certified to the Court, and represented to Plaintiff, that Defendant *did* in fact have such evidence, by failing to identify any contention for which Defendants lacked evidence as required by California Code of Civil Procedure §127.8(b)(3).

34.  On May 17, 2012, Ms. Rouse demanded a list of the items on the above account in the form of a Bill of Particulars, which would include any purchases on the account, or any listing of consideration received.

35.  On May 22, 2012, Defendants *refused* to supply a Bill of Particulars, as they knew that to do so would expose the fact that Defendants filed a claim for breach of contract with no evidence of damages.

36.  Despite this fact, and Ms. Rouse's repeated demand for a list of the charges against her, Defendants continued to prosecute their breach of contract claims with no evidence of damages and did not amend their Complaint as required by Code of Civil Procedure §128.7(b)(3) to reflect the fact they Defendants lacked evidence to support their claim for damages for breach of contract..

37.  Defendants refused to correct their false certification all the way through a dismissal of their breach of contract claim on the date set for trial in the State Court Action.

ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

FIRST CLAIM FOR RELIEF

(Violations of the FDCPA by CACH and Mandarich)

38. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

39. Defendants CACH and Mandarich violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692d* by using unfair or unconscionable means to collect a debt;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f* by using an unfair or unconscionable means to collect a debt.

    f. *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

40. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

**SECOND CLAIM FOR RELIEF**

**(Violations of the Rosenthal Act by CACH)**

41. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

42. Based on information and belief, Defendant CACH's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17 and 1788.13*.

43. Based on information and belief, Defendant CACH's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following: Defendant CACH's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692d* by using unfair or unconscionable means to collect a debt;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f* by using an unfair or unconscionable means to collect a debt.

    f. *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

44. Defendant CACH also violated the Rosenthal Act at Civil Code § 1788.13 by making a false representation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

45. Defendant CACHs' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

46. As a proximate result of the violations of the Rosenthal Act committed by Defendant CACH, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00

Complaint

-8-

each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant CACH.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants CACH and Mandarich, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants CACH and Mandarich, and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants CACH and Mandarich, and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant CACH and for Plaintiff;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant CACH and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant CACH, and as to 15 U.S.C. § 1692k(a)(3) only, against Defendant Mandarich; and

6. Such other and further relief this court may deem just and proper.

Respectfully submitted,

DATED: February 22, 2013

/s/ Stephen G. Recordon
STEPHEN G RECORDON
Attorney for Plaintiff MAUREEN ROUSE

# EXHIBIT A

Chris D. Mandarich, SB 220693
Ryan E. Vos, SB 224368
Rebecca E. Hunter, SB 271420
Mandarich Law Group, LLP
6301 Owensmouth Avenue, Suite 850
Woodland Hills, CA 91367
Local: 818-264-0111
Toll Free: 877-414-0130
Facsimile: 818-888-1260

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

NORTH COUNTY REGIONAL CENTER – LIMITED JURISDICTION

| | |
|---|---|
| CACH, LLC, | Case No.: 37-2012-00051602-CL-CL-NC |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. BREACH OF CONTRACT |
| | 2. COMMON COUNTS |
| MAUREEN ROUSE, an individual; and DOES 1 through 10 inclusive, | |
| Defendants. | DEMAND: $3,513.67 |

Plaintiff alleges:

FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff is and at all times herein mentioned was, a Colorado Limited Liability Company, and assignee of original creditor, GE MONEY BANK.

2. Plaintiff is informed and believes that Defendants are individuals who currently reside within the jurisdictional boundaries of the above entitled Court. Therefore, this Court is the proper Court for trial of this action.

3. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 10 inclusive, and therefore, sues the Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities once ascertained.

COMPLAINT - 1

4. Plaintiff believes that at all times mentioned herein, each of the Defendants was, and is, the agent, servant and employee, employer of each of the other Defendants, and also acted in the capacity of and as agent of the other Defendants. Plaintiff also believes that the individual Defendants, and each of them, are jointly and severally liable that the actions described herein were taken as actions for the benefit of the Defendants' separate and/or community property.

5. Plaintiff believes that, for value received, Defendants, and each of them, executed and delivered a credit card application to GE MONEY BANK (Plaintiff's assignor) or made such application for credit over the telephone or Internet. Pursuant to the terms of the application and the written terms and conditions sent along with the credit card, Plaintiff's assignor provided Defendants with a credit card, and granted charge privileges on the credit card, account number XXXXXXXXXXXX2083 (the "Account").

6. Prior to the commencement of this action, the Account was assigned for value by GE MONEY BANK (Plaintiff's assignor) to the Plaintiff and Plaintiff is its current holder.

7. Defendants agreed to comply with the written terms and conditions governing the use of the credit card, as it was amended from time to time, including repaying the Plaintiff's assignor for any charges on the Account including, but not limited to, charges for the purchase of goods and services and/or cash advances and balance transfers along with the interest, late charges, over limit charges related thereto.

8. Defendants used the credit card issued on the Account to make credit card purchases and/or to take cash advances and/or to make balance transfers. Each time the Defendants used the credit card to purchase goods and services and/or to take cash advances and/or make balance transfers, Defendants reaffirmed their agreement to repay Plaintiff's assignor for the amount for the purchase and/or cash advance and/or balance transfer, along with such other charges as may be assessed pursuant to the terms and conditions governing the Account.

9. Pursuant to the terms and conditions governing the Account, monthly statements were sent to the Defendants which itemized all payments made and charges due on the Account.

10. Within the last four years, the Defendants failed to make payments as agreed on the Account. Defendants have failed, refused and neglected to pay amounts due per the terms and conditions governing the Account.

11. As of May 09, 2011, Defendants owe the sum of $3,513.67 with interest thereon.

COMPLAINT - 2

5

1  | 12. Although demand has been made upon Defendants to pay said amount, no part has been paid,
2  | and it is now due, owing, and unpaid together with interest thereon plus attorney's fees.
3  | 13. Plaintiff and Plaintiff's assignor have duly performed all promises, conditions and agreements
4  | on their part to be performed.
5  | 14. The terms and conditions governing the Account provides that the cardholders agree to
6  | reimburse Plaintiff's assignor and hence, Plaintiff for the costs and expenses, including reasonable
7  | attorney's fees, related to the collection of amounts owing on the Account. Plaintiff has been required to
8  | retain the Mandarich Law Group, LLP to pursue collection of the amounts due hereunder.

FIRST CAUSE OF ACTION

(Breach of Contract)

11 | 15. Plaintiff refers to and incorporates paragraphs 1 through 14.
12 | 16. Defendants have breached the terms and conditions governing the Account by failing to pay
13 | amounts due and owing on the Account.
14 | 17. As the direct and proximate result thereof, Plaintiff has been damaged in the amount of
15 | $3,513.67 plus interest thereon.

SECOND CAUSE OF ACTION

(Account Stated)

18 | 18. Plaintiff refers to and incorporates paragraph 1 through 17.
19 | 19. Within the past four years, an account was stated in writing in which it was agreed that
20 | Defendants were indebted in the amount of $3,513.67. Although demand has been made upon Defendants,
21 | no part of said amount has been paid, and it is now due, owing and unpaid from Defendants to Plaintiff with
22 | interest thereon from and after May 09, 2011.
23 | WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:
24 | 1. For the damages and money in the sum of $3,513.67;
25 | 2. For interest thereon at 10 percent per annum from on and after May 09, 2011;
26 | 3. For reasonable attorney's fees;
27 | 4. For costs of suit incurred; and
28 | 5. For such other and further relief as the Court deems just and proper;

| | | |
|---|---|---|
| 1 | 6. | Plaintiff remits all damages in excess of the jurisdictional amount of this Court. |
| 2 | Dated: February 17, 2012 | MANDARICH LAW GROUP, LLP |

Chris D. Mandarich, Esq.
Ryan E. Vos, Esq.
Rebecca E. Hunter, Esq.
*Attorneys for Plaintiff*

FILE BY FAX

COMPLAINT - 4

04/17/2012  13:03  7604141418  VILLA SANTA FE  PAGE 08/11